UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC, | Civil Action No. 14-3981 (PGS) |
| Plaintiff, | |
| v. | ORDER |
| JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 98.221.179.187, | |
| Defendants. | |

Once again, a veritable orgy of lawsuits involving the alleged infringement of Plaintiff's copyrighted material have been filed in this Court.  As has been standard practice, Plaintiff now seeks to serve a third party with a subpoena prior to holding a conference pursuant to Fed. R. Civ. P. ("Rule") 26(f).  Docket Entry No. 5.  Plaintiff seeks the true name, address, telephone number, and email address of the John Doe Defendant assigned the IP address listed in the Complaint.  The Motion is unopposed as Defendant has not answered the Complaint.  The Court has fully reviewed Plaintiff's arguments without oral argument pursuant L. Civ. R. 78.1(b).

Pursuant to Rule 26(d)(1), a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except… when authorized by these rules, by stipulation, or by court order."  Plaintiff argues that the "good cause" requirement of Rule 26(b) is present in these types of cases, where (1) Plaintiff makes a prima facie showing of a claim copyright infringement, (2) Plaintiff submits a specific discovery request, (3) there is an absence of alternative means to obtain the subpoenaed information, (4) there is a central need for the

subpoenaed information, and (5) Defendants have a minimal expectation of privacy.  Docket Entry No. 5-4, at pgs. 6-7 (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010)).

This Court has generally granted these types of motions in the past, in many instances simply rubber-stamping the requests.  However, since the first round of filings approximately two years ago, courts in this District as well as around the country have grown warier that allowing copyright holders access to all the information requested in Plaintiff's Motion could result in abusive litigation tactics because of the potential embarrassment defendants could experience given the nature of the copyrighted work.  *See In re: BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 89-90 (E.D.N.Y. 2012); *Digital Sin, Inc. v. Does 1-176*, 297 F.R.D. 239, 242-43 (S.D.N.Y. 2012).  "Notwithstanding these concerns, the Court recognizes that Plaintiff, as the alleged owner of a copyright work, should not be left without the ability to ascertain the identity of those individuals who are allegedly infringing its copyright by illegal distribution."  *Modern Woman, LLC v. Does I-X*, 2013 WL 888603, at *5 (D.N.J. Feb. 27, 2013).  Given the boilerplate nature of the instant request, the Court finds it prudent to apply the well-reasoned logic articulated by the Hon. Joseph A. Dickson, U.S.M.J. in *Modern Woman, supra*, which has subsequently been applied to numerous cases involving the torrenting of potentially embarrassing copyrighted work in this District.  Therefore, the Court orders that

> Plaintiff may serve a subpoena pursuant to ["Rule"] on the ISP that provided internet service to the defendant designated (by IP address) as John Doe.  The subpoena may *only* seek the name and address of the account holder of such IP address.  Under no circumstances is Plaintiff permitted to seek or obtain the telephone number(s) or email address(es) of this individual, or seek to obtain information about any potential John Doe defendant other than [the] John Doe [named in this complaint].  Plaintiff shall attach a copy of the Order that shall accompany this Opinion to the subpoena.  Information obtained from the ISP shall only be used for the purpose of this litigation and Plaintiff shall be prepared to provide copies of the responsive information to the specific defendant who may

enter an appearance in this case.   All other aspects of Plaintiff's motion for expedited discovery are denied.   *Id.*, at *5.

Thus, for the foregoing reasons and for good cause shown,

IT IS on this 4th day of August, 2014,

ORDERED that Plaintiff's Motion for Discovery to Serve Third Party Subpoenas Prior to Rule26(f) Conference is GRANTED in part and DENIED in part; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 5] accordingly.

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**